NOTICE: This opinion is subject to modification resulting from motions for reconsideration under Supreme Court Rule 27, the Court's reconsideration, and editorial revisions by the Reporter of Decisions. The version of the opinion published in the Advance Sheets for the Georgia Reports, designated as the "Final Copy," will replace any prior version on the Court's website and docket. A bound volume of the Georgia Reports will contain the final and official text of the opinion.

In the Supreme Court of Georgia

Decided: October 22, 2024

S25Y0045. IN THE MATTER OF JOHN WEIMANN OXENDINE.

PER CURIAM.

This disciplinary matter is before the Court on the petition for voluntary surrender of license filed by John Weimann Oxendine (State Bar No. 558155). Oxendine, who has been a member of the State Bar of Georgia since 1987, pled guilty in March 2024 pursuant to a negotiated agreement to one count of Conspiracy to Commit Health Care Fraud, in violation of 18 U.S.C. §1347, a felony, in the United States District Court for the Northern District of Georgia. He was sentenced in July 2024 to 42 months of incarceration, followed by three years of supervised release, plus fines, a special assessment, and more than $750,000 in restitution. In his petition for voluntary surrender, Oxendine admits that he is subject to Bar Rule 4-106 (setting procedures for handling disciplinary matters

related to an attorney's conviction of a crime) and that, by virtue of his felony conviction, he violated Rule 8.4 (a) (2) (lawyer shall not be convicted of a felony) of the Georgia Rules of Professional Conduct ("GRPC"), see Bar Rule 4-102 (d), the maximum penalty for which is disbarment. Based on those admissions, Oxendine requests that the Court accept his petition to voluntarily surrender his license to practice law, which is tantamount to disbarment. See GRPC 1.0 (s). The State Bar has responded, raising no objection to Oxendine's petition and stating its belief that it would be in the best interest of the public and the legal profession for the Court to accept the petition.

We have reviewed the record and agree that acceptance of Oxendine's petition for voluntary surrender of his license is in the best interests of the Bar and the public and is consistent with prior similar cases. See, e.g., *In the Matter of Hardwick*, 315 Ga. 840, 840 (884 SE2d 893) (2023); *In the Matter of Fudge*, 301 Ga. 793, 793 (804 SE2d 59) (2017); *In the Matter of Gibson*, 298 Ga. 437 (782 SE2d 442) (2016). Accordingly, the name of John Weimann Oxendine is

hereby removed from the rolls of persons entitled to practice law in the State of Georgia. Oxendine is reminded of his duties under Bar Rule 4-219 (b).

*Voluntary surrender of license accepted. All the Justices concur.*